UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY C. MOSER,<br><br>              Plaintiff,<br><br>      vs.<br><br>NORTH KERN STATE PRISON,<br><br>              Defendant. | 1:14-cv-01351-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br>(Doc. 12.) |

**I.      BACKGROUND**

Rory C. Moser ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 25, 2014, at the Sacramento Division of the United States District Court, Eastern District of California.  (Doc. 1.)  On August 29, 2014, the case was transferred to the Fresno Division of the Eastern District.  (Doc. 4.)

On September 15, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On April 6, 2015, Plaintiff filed a request for entry of default against defendant North Kern State Prison. (Doc. 12.)

## II.     ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

### Plaintiff's Request

Plaintiff requests entry of default against defendant North Kern State Prison. Plaintiff asserts that court records indicate that on September 22, 2014, the defendant was served with copies of a summons and complaint by the United States Marshal. Plaintiff argues that default should be entered against the defendant because more than twenty days have elapsed since service was completed, and the defendant failed to plead or otherwise defend in this action.

### Discussion

Plaintiff is mistaken. Court records do not reflect that the defendant was served with process by the United States Marshal on September 22, 2014. (Court Record.)   There is no evidence that defendant North Kern State Prison was properly served with process and failed to plead or otherwise defend pursuant to Rule 55(a). Fed. R. Civ. P. 55(a).

It is not time for service in this case. With respect to service, the court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named

defendant. Here, Plaintiff's Complaint awaits the court's requisite screening under 28 U.S.C. § 1915A. Therefore, at this stage of the proceedings, entry of default is not appropriate, and Plaintiff's request must be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against defendant North Kern State Prison, filed on April 6, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **April 8, 2015**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE