# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY C. MOSER,<br><br>        Plaintiff,<br><br>    v.<br><br>A. FLORES, et al.,<br><br>        Defendants. | Case No.  1:14-cv-01351-SAB-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's first amended complaint, filed May 28, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 14, 2014 (ECF No. 7.)

1   1915(e)(2)(B).

2   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the CDCR at North Kern State Prison (NKSP). Plaintiff names the following defendants: NKSP Warden A. Flores; Lieutenant J. Manues; Lieutenant T. Hughes. Plaintiff claims that Defendants failed to protect him from serious injury in violation of the Eighth Amendment.

Plaintiff alleges that in June of 2014 he was housed with an inmate who was a registered sex offender. Plaintiff alleges that he was "repeatedly sexually assaulted in my sleep for about a week." (Am. Comp. p. 3.) Plaintiff "finally caught" the other inmate and there was a physical

altercation.  During the altercation, the other inmate struck his head on the toilet and died as a result of the injuries.  Plaintiff is now housed at the CSP Corcoran SHU.  Plaintiff alleges that as a result, he suffers from nightmares, as well as a fear that criminal charges will be brought. Plaintiff alleges that the officers that responded to the incident did not believe that he was defending himself and were making fun of him.

### III.
### DISCUSSION

**A.    Eighth Amendment**

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  A prisoner seeking relief for an Eighth Amendment violation must show that the official acted with deliberate indifference toe threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002).  "Deliberate indifference" has both subjective and objective components.  A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference."  Farmer, 511 U.S. at 837.  Liability may follow only of a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 837.

Here, Plaintiff fails to allege facts from which an inference could be drawn that any of the named defendants knew of a specific harm to Plaintiff and disregarded that harm.  Plaintiff has not alleged any facts indicating that any of the individual defendants knew of the specific danger to Plaintiff, and disregarded that risk.  An allegation that Plaintiff was housed with a sex offender does not, of itself, subject Defendants to liability.  Plaintiff does not indicated what, if any, specific information Defendants were aware of that indicated that the inmate posed a particular threat to Plaintiff.  The Ninth Circuit has held that inmates of opposite gangs placed in a cell with each other, with nothing more, fails to satisfy the Eighth Amendment's standard that prison officials must be aware of a specific risk to an inmate.  Labatad v. Corrections Corp. of America,

714 F.3d 1155 (9th Cir. 2013). The facts alleged suggest that although Plaintiff did fear for his safety, there was no specific information that Defendants knew from which they could draw an inference that the inmate posed a specific threat to Plaintiff. Plaintiff has not alleged that the inmate was a documented enemy of his, or that there was some particular information that Defendants knew of and disregarded. This claim should therefore be dismissed.

### B.     Supervisory Liability

Plaintiff is also advised that government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must allege facts indicating personal participation by each named defendant in the conduct that deprived Plaintiff of his federal rights. Plaintiff has not done so here.

### IV.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,

<u>Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed May 28, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **January 15, 2016**

UNITED STATES MAGISTRATE JUDGE

5