# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY C. MOSER,<br><br>        Plaintiff,<br><br>    v.<br><br>A. FLORES, et al.,<br><br>        Defendants. | Case No. 1:14-cv-01351-SAB-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>ORDER THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. On September 14, 2014, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 7.) Currently before the Court is Plaintiff's February 1, 2016, second amended complaint, filed in response to the January 19, 2016, order dismissing the first amended complaint.

## I.

## SCREENING REQUIREMENT

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

1

that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the CDCR at North Kern State Prison (NKSP). Plaintiff names the following defendants: NKSP Warden Alfaro; Facility Captain J. Ortelia; Sergeant A. Flores. Plaintiff also names the CDCR as a Defendant. Plaintiff claims that Defendants failed to protect him from serious injury in violation of the Eighth Amendment.

Plaintiff alleges that in June of 2014 he was housed with an inmate who was a registered sex offender. Plaintiff alleges that he was sexually assaulted by his cellmate. Plaintiff was

1 transported to San Joaquin Community Hospital and underwent a rape examination.  Plaintiff
2 alleges that Defendants should have known about the danger faced by Plaintiff by placing him in
3 a cell with a sex offender.  In the first amended complaint, Plaintiff included greater factual
4 detail regarding his attempts to defend himself.  The second amended complaint on which this
5 action proceeds includes a short, two paragraph statement of claim, alleging that Plaintiff was
6 sexually assaulted and Defendants should have protected him.

## III.

## DISCUSSION

### A.    Eighth Amendment

10 The Eighth Amendment requires prison officials to take reasonable measures to
11 guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners.
12 Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th
13 Cir. 2005).  A prisoner seeking relief for an Eighth Amendment violation must show that the
14 official acted with deliberate indifference toe threat of serious harm or injury to an inmate.
15 Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002).  "Deliberate indifference"
16 has both subjective and objective components.  A prison official must "be aware of facts from
17 which the inference could be drawn that a substantial risk of serious harm exists and . . . must
18 also draw the inference."  Farmer, 511 U.S. at 837.  Liability may follow only of a prison official
19 "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to
20 take reasonable measures to abate it."  Id. at 837.

21 Here, Plaintiff fails to allege facts from which an inference could be drawn that any of the
22 named defendants knew of a specific harm to Plaintiff and disregarded that harm.  Plaintiff has
23 not alleged any facts indicating that any of the individual defendants knew of the specific danger
24 to Plaintiff, and disregarded that risk.  An allegation that Plaintiff was housed with a sex offender
25 does not, of itself, subject Defendants to liability.  Plaintiff does not indicate what, if any,
26 specific information Defendants were aware of that indicated that the inmate posed a particular
27 threat to Plaintiff.  The Ninth Circuit has held that inmates of opposite gangs placed in a cell with
28 each other, with nothing more, fails to satisfy the Eighth Amendment's standard that prison

1 officials must be aware of a specific risk to an inmate. Labatad v. Corrections Corp. of America,
2 714 F.3d 1155 (9th Cir. 2013). The facts alleged suggest that although Plaintiff did fear for his
3 safety, there was no specific information that Defendants knew from which they could draw an
4 inference that the inmate posed a specific threat to Plaintiff. Plaintiff has not alleged that the
5 inmate was a documented enemy of his, or that there was some particular information that
6 Defendants knew of and disregarded. This claim should therefore be dismissed.

### B. Supervisory Liability

Plaintiff is also advised that government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must allege facts indicating personal participation by each named defendant in the conduct that deprived Plaintiff of his federal rights.  Plaintiff has not done so here.

### C. Immunity

Plaintiff includes the CDCR as a Defendant in his second amended complaint. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted); see also Tennessee v. Lane, 541 U.S. 509, 517 (2004).

The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. Beentjes v. Placer Cty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to

Eleventh Amendment immunity).  The California Department of Corrections and Rehabilitation, an agency of the state of California, is therefore immune from suit.

## IV.

## CONCLUSION AND ORDER

In response to the January 19, 2016, order dismissing the first amended complaint, Plaintiff alleges fewer facts, and re-states his claim that Defendants should have known of the danger faced by Plaintiff.  Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the first amended complaint.  Based upon the allegations in Plaintiff's original, first amended and second amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for failure to protect Plaintiff in violation of the Eighth Amendment, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a claim upon which relief may be granted;
2. This action count as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 17, 2016**

UNITED STATES MAGISTRATE JUDGE